IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:21-cr-142 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| RAVEN TYRONE MARTIN, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

**Table of Contents**

INTRODUCTION ........................................................................................... 1

PROCEDURAL BACKGROUND ................................................................... 2

SENTENCING GUIDELINES & FACTUAL OBJECTIONS ..................................... 2

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 360 MONTHS ................... 5

CONCLUSION ............................................................................................... 7

## INTRODUCTION

Defendant was a member of a large-scale, armed drug-trafficking organization. He assisted the organization by transporting drugs from California to Iowa. Defendant also personally possessed firearms as a convicted felon. The Court should sentence Defendant to 360 months in prison.

## PROCEDURAL BACKGROUND

On March 1, 2022, Defendant pled guilty to Counts One and Two of an Information, charging him with Conspiracy to Distribute Methamphetamine (21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); and Felon in Possession of a Firearm (18 U.S.C. §§ 922(g)(1), 924(a)(2)).  R. Doc. 36.  There is a plea agreement in this case, wherein the government agreed to dismiss the pending Indictment at the time of sentencing.  R. Doc. 36 at ¶ 2.  Defendant also agreed to forfeiture of the items noted in the Information.  R. Doc. 36 at ¶ 1, 19-21.

Pursuant to the government's communication with defense counsel, Defendant will be withdrawing his objections to the PSR, other than the factual objection to paragraph 17 regarding a payment made to a co-conspirator.  Thus, the only issue for the Court to resolve at sentencing is whether the two-level enhancement for maintaining a drug premises applies.  For the reasons outlined below, it does.

## SENTENCING GUIDELINES

The government believes the guideline range in this case should be calculated as follows:

| | |
|---|---|
| Base Offense Level (§2D1.1(a)(5), (c)(2)) | 36 |
| Firearm (§2D1.1(b)(1)) | +2 |
| Maintain Premises (§2D1.1(b)(12)) | +2 |
| Acceptance of Responsibility (§3E1.1) | -3 |
| Total Offense Level | 37 |

Criminal History Category:　　　　　VI

Guidelines Sentencing Range:　　　　360 months to life imprisonment

a. Maintaining a premises

The PSR did not apply a two-level enhancement, pursuant to USSG §2D1.1(b)(12), for maintaining a drug premises. The government objects to the omission.

USSG §2D1.1(b)(12) directs that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." USSG §2D1.1(b)(12). Application note 17 further clarifies that this includes "storage of a controlled substance for the purpose of distribution." USSG §2D1.1, comment. (n.17). Factors for the district court's consideration include "(A) whether the defendant held a possessory interest in (*e.g.*, owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." *Id.* The application note further directs that although distributing a controlled substance does not have to be the "sole purpose for which the premises was maintained," it "must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.* The court should weigh the frequency of the premise's use for distribution of drugs against the frequency of use of lawful purposes. *Id.*

The Eighth Circuit has interpreted the provisions of this enhancement to apply even when the premises was primarily a family home if the defendant also uses the home for the purpose of substantial drug trafficking activities. *United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012). For example, in *United States v. Hernandez Lopez*, 24 F.4th 1205 (8th Cir. 2022), the Circuit found the enhancement applied

where officers found distribution-level quantities of methamphetamine and a scale in the basement of a home where the defendant lived with his significant other and her children, even though there was no evidence of actual distribution occurring in that basement. *See also United States v. Rios*, 2023 WL 2544233 *at 1 (8th Cir. Mar. 17, 2023) (finding the enhancement applied where Rios stored 60 pounds of marijuana in a room in his residence that he called "his office") (per curiam and unpublished); *United States v. Owens*, 2023 WL 2127334 (8th Cir. Feb. 21, 2023) (finding the enhancement applied when a search of Owens's duplex revealed methamphetamine, scales, and cutting agents) (per curiam and unpublished).

This is similar to the unobjected to facts here. *See* PSR ¶ 14-30. Defendant's residence on Southview Drive had been the subject of multiple trash pulls leading up to a search warrant in October 2021. PSR ¶ 20, 21, 22, 23. During those trash pulls, officers found multiple items indicative of drug distribution, including vacuum-sealed drug packaging, distribution-quantities of marijuana, torn drug packaging, a heat-sealer box, firearms-related materials, and sandwich baggies. *Id.* When officers executed a search warrant at Defendant's residence on October 26, 2021, they found more items indicative of drug distribution, along with distribution quantities of actual drugs. PSR ¶ 24-28. This included marijuana, fentanyl pills, THC wax, firearms, and a large quantity of cash. *Id.* Thus, Defendant used his residence to, at a minimum, store and package illegal drugs. These factors, combined, are sufficient to support the application of the two-level enhancement for maintaining a drug premises, and the Court should sustain the government's objection.

b. Criminal history

The parties agree that the Presentence Report correctly assesses two points under current USSG §4A1.1(d) because Defendant committed the instant offense while under a criminal justice sentence. The Sentencing Commission has proposed amendments to this guideline, which become effective November 1, 2023, unless Congress acts to the contrary. Further, the Commission has recommended delayed retroactive application of these amendments effective as of February 1, 2024. *However*, an additional one point would be added under proposed USSG § 4A1.1(e) because Defendant has otherwise received at least seven criminal history points. This results in a net difference of one fewer criminal history points under proposed USSG §4A1.1(d).

In this case, defendant would receive 16 total criminal history points under proposed USSG §4A1.1(d), still resulting in a Criminal History Category VI. Because defendant's Criminal History Category remains the same under both the current and proposed application of USSG §4A1.1(d), the government requests the Court make a clear record of the absence of any impact proposed USSG §4A1.1 would have on Defendant's Criminal History Category or the resulting guidelines calculation.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 360 MONTHS'**

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.  the nature and circumstances of the offense and history and characteristics of the defendant;
2.  the need for the sentence imposed –

    A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B.  to afford adequate deterrence to criminal conduct;

    C.  to protect the public from further crimes of the defendant; and

    D.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3.    the kinds of sentences available;

4.    the guideline sentencing range;

5.    any pertinent policy statement;

6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.    the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). The § 3553(a) factors support a sentence of 360 months' imprisonment.

Defendant was a participant in a large-scale, armed drug trafficking organization. Defendant's role in the organization was to obtain drugs from California and drive them back to Iowa where they were distributed to customers. When a federal search warrant was executed at Defendant's apartment, law enforcement found a distribution quantity of drugs and a large amount of cash. Additionally, law enforcement found three guns, one of which had an automatic selector switch attached. Defendant, as a convicted felon, was prohibited from possessing firearms.

When Defendant committed the federal crimes at issue here, he was serving four terms of parole with the state of Iowa for very similar conduct. PSR ¶ 52, 53, 54, 55. Those crimes involved Defendant possessing illegal drugs and drug distribution materials with the intent to deliver, assisting others with illegal schemes, illegally possessing a firearm, and eluding law enforcement. *Id.* Defendant has consistently

committed crimes throughout his life, including while under court-imposed terms of supervision.  He is the highest criminal history category under the guidelines.

Defendant's behavior—both past and present—demonstrates a danger to the public, as well as a recidivism risk.  He was assisting a drug trafficking organization with acquiring a very dangerous drug for distribution.  Defendant also personally possessed distribution quantities of fentanyl, which is another very dangerous drug.  And did this while in possession of multiple firearms.  Defendant did this while serving multiple terms of parole, including for drug and gun crimes.  He also has a prior conviction for a crime involving the manufacture of methamphetamine.  Any mitigating factors are outweighed by the aggravating factors present in this case, and a guideline sentence is warranted.

## CONCLUSION

The Court should impose a sentence of 360 months in prison.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   */s/ Kristin M. Herrera*
Kristin M. Herrera
Mallory E. Weiser
Assistant United States Attorneys
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Kristin.Herrera@usdoj.gov
Email: Mallory.Weiser@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2023, I electronically
filed the foregoing with the Clerk of Court using the
CM ECF system.  I hereby certify that a copy of this
document was served on the parties or attorneys of
record and the United States Probation Officer by:

_____ U.S. Mail _____ Fax _____ Hand Delivery

 _X_ ECF/Electronic filing ___ Other means (email)

UNITED STATES ATTORNEY

By:  _/s/Kristin Herrera, AUSA_